IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3273-D

KEITH D. WILSON, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
N.C. DEPARTMENT OF PUBLIC SAFETY, )
 )
        Defendant. )

On November 10, 2025, Keith D. Wilson ("Wilson" or "plaintiff"), proceeding pro se and in forma pauperis, filed a "notice of appeal" from a proceeding in the North Carolina Industrial Commission ("the Commission") [D.E. 1]. See [D.E. 2, 7]. Wilson also filed an inquiry concerning the "status on filing fee and the stages of payments" [D.E. 8]. As explained below, the court dismisses the action.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–83 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

On an unspecified date, Wilson filed two tort claims in the Commission. See Compl. ¶ 1. A deputy commissioner conducted evidentiary hearings. On December 14, 2021, a deputy commissioner "filed a[n] order granting plaintiff's claim and awarding Fifteen Thousand Dollars ($15,000.00)." Id. ¶¶ 2–3. Wilson appealed. On June 30, 2023, "the full Commission filed a decision and order granting plaintiff's claims but reducing the award to Four Thousand Dollars ($4,000.00)." Id. ¶ 5. Wilson continued to pursue his case in both the North Carolina Court of Appeals and the Commission, and "g[a]ve notice that the full Commission failed to" provide Wilson notice that if "a notice of appeal [was] not filed in a timely manner, the Order entered on June 30, 2023 is final." Id. ¶¶ 6–9. "On a date unbeknownst to plaintiff, defendant fraudulently and erroneously faxed a check" for $4,000 to Wilson's prison trust fund account. Id. ¶ 10 (cleaned up). Wilson then made additional filings in the North Carolina Court of Appeals, which that court denied. See id. ¶¶ 13–14. Wilson asks this court to "grant [his] notice of appeal," "hold a[n] evidentiary hearing to determine if [he] is entitled to relief," and for "such other relief the court deem[s] just and proper." Id. at 6 (cleaned up).

2

This court does not sit in review of the North Carolina Industrial Commission or the North Carolina Court of Appeals. See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923); Murray v. Cash, No. 1:08CV280, 2013 WL 3543579, at *3–5 (M.D.N.C. July 11, 2013) (unpublished); Solomon v. Dixon, 724 F. Supp. 1193, 1195–96 (E.D.N.C. 1989), aff'd, 904 F.2d 701 (4th Cir. 1990) (per curiam). Accordingly, the court dismisses the action for lack of jurisdiction and failure to state a claim.

As for Wilson's inquiry into the filing fee, the filing fee for a civil action in federal court is $350, and is mandatory for incarcerated plaintiffs. See, e.g., 28 U.S.C. § 1915(b)(1); Bruce v. Samuels, 577 U.S. 82, 89–90 (2016); Hodges v. Meletis, 109 F.4th 252, 256 (4th Cir. 2024); Torres v. O'Quinn, 612 F.3d 237, 241–51 (4th Cir. 2010), abrogated on other grounds by Bruce, 577 U.S. at 86–87. The court's November 18, 2025 order granting Wilson's application to proceed in forma pauperis explained the procedure for collecting the filing fee, and directed "the appropriate officials at the correctional facility at which [Wilson] is incarcerated" to collect and remit installment payments on Wilson's behalf, according to the balance in his trust fund account. See Order [D.E. 7] at 1–2. Accordingly, Wilson is not required to continue to send filing fee payments to the court.[1]

In sum, the court DISMISSES WITHOUT PREJUDICE the action in part for lack of jurisdiction and in part for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

---

[1] The court has received Wilson's payment of $50. See [D.E. 9].

3

SO ORDERED. This 6 day of February, 2026.

/s/ J. Dever
JAMES C. DEVER III
United States District Judge